IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **SWIPE INNOVATIONS, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 9:12-cv-00040 |
| | § | |
| **ELAVON, INC.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### HEARTLAND PAYMENT SYSTEMS INC.'S ORIGINAL ANSWER TO COMPLAINT

Defendant Heartland Payment Systems Inc. ("Heartland") respectfully submits this Original Answer to Plaintiff's Original Complaint for Patent Infringement as follows:

### PARTIES

1. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 1, and therefore denies such allegations.

2. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 2, and therefore denies such allegations.

3. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 3, and therefore denies such allegations.

4. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 4, and therefore denies such allegations.

5. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 5, and therefore denies such allegations.

6. Heartland admits that it is a Delaware corporation with its principal place of business in Princeton, New Jersey. Heartland further admits that a registered agent of Heartland

is Corporation Service Company, 211 E. 6th Street, Suite 620, Austin, Texas. Heartland otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 6, and therefore denies such allegations.

7. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 7, and therefore denies such allegations.

8. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 8, and therefore denies such allegations.

9. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 9, and therefore denies such allegations.

10. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 10, and therefore denies such allegations.

11. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 11, and therefore denies such allegations.

12. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 12, and therefore denies such allegations.

13. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 13, and therefore denies such allegations.

## JURISDICTION AND VENUE

14. With respect to Plaintiff's allegations in paragraph 14, Heartland does not contest that this Court has subject matter jurisdiction with respect to this matter. Heartland otherwise denies the allegations in paragraph 14 and specifically denies committing, or being liable for, any act of infringement.

15. With respect to Plaintiff's allegations in paragraph 15, Heartland denies such allegations to the extent they relate to Heartland. Heartland specifically denies committing, or being liable for, any act of infringement. Heartland otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 15, and therefore denies such allegations.

16. With respect to Plaintiff's allegations in paragraph 16, Heartland denies such allegations to the extent they relate to Heartland. Heartland specifically denies committing, or being liable for, any act of infringement. Heartland otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 16, and therefore denies such allegations.

## JOINDER

17. With respect to Plaintiff's allegations in paragraph 17, Heartland denies such allegations to the extent they relate to Heartland. Heartland specifically denies that joinder is proper under 35 U.S.C. § 299 or otherwise, and expressly does not waive any provision relating to joinder under 35 U.S.C. § 299 or Federal Rules of Civil Procedure 20 or 21. Heartland specifically denies committing, or being liable for, any act of infringement. Heartland otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 17, and therefore denies such allegations.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 5,351,296

18. Heartland admits only that the '296 Patent, entitled "Financial Transmission System," issued on September 27, 1994. Heartland lacks knowledge or information sufficient to

form a belief as to the truth of Plaintiff's remaining allegations in paragraph 18, and therefore denies such allegations.

19. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 19, and therefore denies such allegations.

20. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 20, and therefore denies such allegations.

21. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 21, and therefore denies such allegations.

22. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 22, and therefore denies such allegations.

23. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 23, and therefore denies such allegations.

24. Heartland denies Plaintiff's allegations in paragraph 24.

25. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 25, and therefore denies such allegations.

26. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 26, and therefore denies such allegations.

27. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 27, and therefore denies such allegations.

28. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 28, and therefore denies such allegations.

29. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 29, and therefore denies such allegations.

30. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 30, and therefore denies such allegations.

31. Heartland lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 31, and therefore denies such allegations.

32. With respect to Plaintiff's allegations in paragraph 32, Heartland denies such allegations to the extent they relate to Heartland. Heartland specifically denies committing, or being liable for, any act of infringement. Heartland otherwise lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 32, and therefore denies such allegations.

## JURY DEMAND

No response is required to Plaintiff's request for trial by jury.

## PRAYER FOR RELIEF

Heartland denies that Plaintiff is entitled to any of the relief requested in paragraphs a-f of its Prayer for Relief, or to any relief whatsoever from Heartland. Heartland specifically denies committing, or being liable for, any act of infringement.

## HEARTLAND ADDITIONAL DEFENSES

1. Heartland has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim(s) of the '296 Patent.

2. The claims of the '296 Patent are invalid, void and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101, *et seq.,* including but not limited to §§ 102, 103 and/or 112.

3. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches, waiver, and/or estoppel.

4. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

5. Plaintiff's Complaint fails to state a claim for which relief can be granted.

6. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to reasonably mitigate its damages, if any.

7. Plaintiff's claims are barred, in whole or in part, to the extent that any of the allegedly infringing products are directly or indirectly provided to Heartland from or by an entity that has an express or implied license to the '296 Patent.

8. Plaintiff's claims for damages as against Heartland are barred, in whole or in part, by the doctrine of exhaustion.

9. Plaintiff's claims are barred, in whole or in part, on the basis of divided infringement.

10. Plaintiff's claims for damages as against Heartland are barred for failure to provide notice under 35 U.S.C. § 287.

11. Joinder is improper under 35 U.S.C. § 299. Heartland expressly does not waive any provision relating to joinder under 35 U.S.C. § 299 or Federal Rules of Civil Procedure 20 or 21. Heartland reserves all rights to move the Court at a later time for dismissal, severance, separate trial, or transfer.

12. Heartland reserves all such other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Heartland asserts each of the following counterclaims against Swipe Innovations, LLC ("Swipe"), and in support thereof claims as follows:

## PARTIES

1. Heartland is a Delaware corporation with a principal place of business in Princeton, New Jersey.

2. On information and belief, Swipe is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Houston, Texas.

## JURISDICTION AND VENUE

3. These counterclaims arise out of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201.

4. Swipe has consented to personal jurisdiction for this action in this district by filing the Original Complaint in this action against Heartland in this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391

6. Swipe alleges that it is the owner of United States Patent No. 5,351,296, entitled "Financial Transmission System."

7. Swipe has expressly charged Heartland with infringement of the '296 Patent; Heartland herein denies all such claims. As a result, there exists an actual justiciable controversy as between Heartland and Swipe concerning the '296 Patent.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement of United States Patent No. 5,351,296

8. Heartland repeats and incorporates by reference the statements and allegations as set forth in paragraphs 1-7 above.

9. Heartland does not presently infringe, and has not in the past infringed, any claim of the '296 Patent, either directly or indirectly.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Invalidity of United States Patent No. 5,351,296

10. Heartland repeats and incorporates by reference the statements and allegations as set forth in paragraphs 1-9 above.

11. The claims of the '296 Patent are invalid, void and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101, *et seq.,* including but not limited to §§ 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

Heartland demands a trial by jury of all counterclaim issues so triable in this action.

## PRAYER FOR RELIEF

Heartland prays for judgment in its favor as to all counts and against Swipe as follows:

A. Dismissing with prejudice all claims brought by Swipe against Heartland;

B. Declaring that Heartland is not now infringing, and has not in the past infringed, any claim of the '296 Patent, either directly or indirectly;

C. Declaring that each claim of the '296 Patent is invalid and/or unenforceable;

D. Denying all claims for relief requested by Swipe in this action;

E. Declaring this case "exceptional" under 35 U.S.C. § 285 and awarding Heartland its attorney fees, expenses, and costs; and

F. Granting Heartland all such other relief as the Court deems just and proper.

//

Date:  July 2, 2012                                          Respectfully submitted,


                                                             /s/ Roy W. Hardin
                                                             Roy W. Hardin
                                                             Texas Bar No. 08968300
                                                             Thomas G. Yoxall
                                                             Texas Bar No. 00785304
                                                            M. Scott Fuller
                                                            Texas Bar No. 24036607
                                                            **LOCKE LORD LLP**
                                                            2200 Ross Avenue, Suite 2200
                                                            Dallas, Texas  75201-6776
                                                            Telephone:  (214) 740-8000
                                                            Facsimile:  (214) 740-8800
                                                            E-mail: rhardin@lockelord.com

                                                            **ATTORNEYS FOR DEFENDANT**
                                                            **HEARTLAND PAYMENT SYSTEMS, INC.**


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 2nd day of July, 2012.


                                                             /s/  M. Scott Fuller