**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| SWIPE INNOVATIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>(1) ELAVON, INC.;<br>(2) FIRST DATA CORPORATION;<br>(3) FUJITSU FRONTECH NORTH AMERICA INC.;<br>(4) GILBARCO INC.;<br>(5) HEARTLAND PAYMENT SYSTEMS INC.;<br>(6) HONEYWELL INTERNATIONAL INC. d/b/a HONEYWELL SCANNING & MOBILITY;<br>(7) MOTOROLA SOLUTIONS, INC.;<br>(8) NAUTILUS HYOSUNG AMERICA, INC.;<br>(9) VANTIV, LLC;<br>(10) VIVOTECH, INC.;<br>(11) VIX TECHNOLOGY (USA) INC.; and<br>(12) WINCOR NIXDORF INC.,<br><br>Defendants. | ) | CIVIL ACTION<br>NO. 9:12-CV-00040-RC<br><br>**JURY TRIAL DEMANDED** |

**ELAVON, INC.'S ANSWER TO SWIPE INNOVATIONS, LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Elavon, Inc. ("Elavon") hereby answers the Original Complaint for Patent Infringement filed on March 7, 2012 ("Complaint") by Plaintiff Swipe Innovations, LLC ("Swipe"), responding to the separately enumerated paragraphs of the Complaint as follows:

**PARTIES**

1. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2. Elavon admits the allegations of Paragraph 2.

3. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies them.

4. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies them.

5. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

6. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies them.

7. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies them.

8. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies them.

9. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies them.

10. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies them.

12. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies them.

## JURISDICTION AND VENUE

14. Elavon admits that the Complaint purports to be an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. Elavon admits that this Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

15. Elavon admits that venue is proper in this judicial district, but denies that this judicial district is the most convenient venue for the parties and witnesses and reserves all rights to seek a transfer to a more convenient judicial district. Elavon admits that it has transacted business in this judicial district. Elavon denies that it has committed or induced any acts of patent infringement within the United States or this judicial district. Elavon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 as to the other Defendants and therefore denies them.

16. Elavon admits that this Court has personal jurisdiction over Elavon. Elavon denies the remaining allegations of Paragraph 16 as to Elavon. Elavon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 as to the other Defendants and therefore denies them.

## JOINDER

17. Elavon admits that the Complaint purports to allege infringement of a patent by Elavon and the other named Defendants with respect to payment terminal products and/or systems, but denies that Elavon has committed any infringement. Elavon denies the remaining allegations of Paragraph 17 as to Elavon. Elavon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 as to the other Defendants and therefore denies them.

**COUNT I**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,351,296**

18. Elavon admits that U.S. Patent No. 5,351,296 ("the 296 patent") is titled "Financial Transmission System" and that the 296 patent was issued by the United States Patent and Trademark Office on September 27, 1994. Elavon further admits that attached to Swipe's Complaint as Exhibit A is a copy of what purports to be the 296 patent. Elavon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 and therefore denies them.

19. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. Elavon denies the allegations of Paragraph 20.

21. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore denies them.

23. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore denies them.

28. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore denies them.

29. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies them.

30. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31. Elavon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore denies them.

32. Elavon denies the allegations of Paragraph 32 as to Elavon. Elavon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 as to the other Defendants and therefore denies them.

## JURY DEMAND

Elavon requests a trial by jury of all matters to which it is entitled to trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Elavon denies that Plaintiff is entitled to the relief requested in Paragraphs a-f of Plaintiff's Prayer for Relief as those requests relate to Elavon.

## GENERAL DENIAL

Except as expressly admitted herein, Elavon denies each and every allegation contained in Plaintiff's Complaint.

## DEFENSES

Pursuant to Federal Rules of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Elavon, without waiving its right to assert additional defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Elavon asserts the following defenses to Plaintiff's Complaint:

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Elavon does not infringe and has not infringed any valid and enforceable claim of the 296 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

### Third Defense

Each of the claims of the 296 patent is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, without limitation, for example, §§ 101, 102, 103, and 112.

### Fourth Defense

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products are supplied, directly or indirectly, to Elavon by an entity or entities having express or implied licenses to the 296 patent and/or (ii) under the doctrine of patent exhaustion.

**Fifth Defense**

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the 296 patent, Plaintiff is estopped from claiming infringement by Elavon of one or more claims of the 296 patent.

**Sixth Defense**

Plaintiff's claims and/or remedies are barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

**Seventh Defense**

Plaintiff's claim for damages and other remedies is limited under 35 U.S.C. §§ 286 and 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**Eighth Defense**

Elavon has engaged in all of its activities in good faith, and Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Elavon pursuant to 35 U.S.C. § 285.

**Ninth Defense**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, because Plaintiff has an adequate remedy at law, because the balance of hardships between Plaintiff and Elavon do not warrant a remedy in equity, and because the public interest would be disserved by an injunction. In addition, Plaintiff cannot obtain an

injunction because, if the 296 patent is deemed essential to any standard, then the patent must be licensed under fair, reasonable and non-discriminatory terms.

**Tenth Defense**

Plaintiff is barred from asserting the 296 patent and from collecting damages thereunder, pursuant to the doctrine of waiver.

**Eleventh Defense**

Plaintiff has failed to provide adequate evidence of ownership of, and the right to sue and receive remedies under, the 296 patent. Plaintiff therefore lacks standing to bring suit for alleged infringement of the 296 patent.

**Twelfth Defense**

The 296 patent is unenforceable as a result of patent misuse, unclean hands, misconduct, waiver, and/or other equitable doctrines.

**Thirteenth Defense**

To the extent that certain products accused of infringing the 296 patent are used by and/or manufactured for the United States Government, Plaintiff's claims against Elavon with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**Fourteenth Defense**

Plaintiff’s claims are barred in whole or in part to the extent Elavon is licensed to the 296 patent.

Respectfully submitted this 5th day of July, 2012.

/s/ Jason W. Cook________________
Jason W. Cook (TX Bar No. 24028537)

jason.cook@alston.com
ALSTON & BIRD LLP
2828 North Harwood Street
Suite 1800
Dallas, TX 75201
Phone: 214-922-3407
Fax: 214-922-3837

Michael S. Connor (NC Bar No. NC 16152)
mike.connor@alston.com
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Phone: 704-444-1022
Fax: 704-444-1752

ATTORNEYS FOR DEFENDANT
ELAVON, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

/s/ Jason W. Cook________________
Jason W. Cook

**Error! Unknown document property name.**